UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-------------------------------------------------------------------X
CALVIN LAI CHAN and BONNIE KOWK CHING
CHAN,

       Plaintiffs,

     -against-
                Civil Action No.
SAXON MORTGAGE SERVICE, INC., WMC    1:09-cv-11265-JGD
MORTGAGE, LLC and WELLS FARGO
NATIONAL ASSOCIATION AS TRUSTEE FOR
BANK OF AMERICA,

       Defendants.
-------------------------------------------------------------------X

# DEFENDANT WMC MORTGAGE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Robert G. Manson
LAW OFFICE OF ROBERT G. MANSON
398 Brigham Street
Marlborough, MA 01752
(508) 274-8360

-and-

David A. Scheffel (*to appear pro hac vice*)
Eric B. Epstein (*to appear pro hac vice*)
Dorsey & Whitney LLP
250 Park Avenue
New York, NY 10177

*Attorneys for Defendant WMC Mortgage LLC*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS .....................................................................................................4

    I.  THE PARTIES ............................................................................................................4

    II.  NON-PARTY NORTHSIDE ....................................................................................5

    III.  THE ALLEGED FACTS .........................................................................................5

    IV.  PROCEDURAL HISTORY ....................................................................................7

ARGUMENT ...........................................................................................................................7

    I.  THE MOTION TO DISMISS STANDARD ..............................................................7

    II.  THE AMENDED COMPLAINT DOES NOT ALLEGE
        A BASIS FOR HOLDING WMC LIABLE FOR
        NORTHSIDE'S CONDUCT ....................................................................................8

    III.  THE CCDA CLAIM (COUNT I) SHOULD BE DISMISSED .................................9

    IV.  THE TILA CLAIM (COUNT II) SHOULD BE DISMISSED .................................10

    V.  THE MGL CH. 93 CLAIM (COUNT III) SHOULD BE DISMISSED......................11

    VI.  THE NEGLIGENCE CLAIM (COUNT IV)
        SHOULD BE DISMISSED ....................................................................................12

    VII.  THE FRAUD CLAIM (COUNT V) SHOULD BE DISMISSED ...........................13

    VIII.  THE GOOD FAITH AND FAIR DEALING CLAIM
        (COUNT VI) SHOULD BE DISMISSED ............................................................14

CONCLUSION .....................................................................................................................15

# **TABLE OF AUTHORITIES**

**Cases**

*Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23 (1st Cir. 2004). ...........................8

*Ashcroft v. Iqbal*, No. 07-1015, 2009 WL 1361536 (U.S. May 18, 2009) ....................................7

*Aybar v. Crispin-Reyes*, 118 F.3d 10 (1st Cir. 1997) ....................................................................7

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ......................................................................7

*Clark v. Leasecomm Corp.*, No. CA99-4177-E, 2000 WL 1512373 (Mass.Super.
    Aug. 21, 2000) ..........................................................................................................................9

*In re Desrosiers*, 212 B.R. 716 (Bankr. D. Mass. 1997) ..........................................................9, 11

*Dominguez v. WMC Mortg. Corp.*, No 1:08-cv-10222-RGS,
    United States District Court for the District of Massachusetts,
    Memorandum and Order on Motions for Judgment on the Pleadings and to
    Dismiss, dated Sept. 10, 2008................................................................................................8

*FAMM Steel, Inc. v. Sovereign Bank*, No. 08-1955, 2009 WL 1636350
    (1st Cir. Jun. 12, 2009) ........................................................................................3, 11, 12, 13

*Horvath v. Adelson, Golden & Loria, P.C.*, No. 00-P-1403,
    2002 WL 1931997 (Mass.App.Ct. Aug. 21, 2002) ................................................................12

*Melfi v. WMC Mortgage Corp.*, 568 F.3d 309 (1st Cir. 2009) ...................................6 n. 1, 10, 11

*Murray v. Am.'s Servicing Co.*, No. 200701716, 2009 WL 323375
    (Mass.Sup.Ct. Jan. 12, 2009) ..................................................................................................12

*New England Cleaning Servs., Inc. v. Am. Arbitration Ass'n*,
    199 F.3d 542 (1st Cir. 1999) ....................................................................................................9

*Riccio v. Ford Motor Credit Co.*, 238 F.R.D. 44 (D.Mass. 2006) ............................................3, 12

*Rodrigues v. Members Mortgage Co., Inc.*, 323 F. Supp.2d 202 (D. Mass. 2004) ..............2, 9, 11

*Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92 (1st Cir. 2007) ............................................9

*Shaner v. Chase Bank U.S.A., N.A.*, 570 F. Supp.2d 195 (D.Mass. 2008) ...................................12

*Stiegele ex rel Viisage Tech., Inc. v. Bailey*, No. 05-10677-MLW,
    2007 WL 4197496 (D.Mass. Aug. 23, 2007) .........................................................................7

*In re Sullivan*, 346 B.R. 4 (Bankr.D.Mass. 2006) .........................................................2, 4, 8, 14

**Cases, cont.**

*U.S. v. AVX Corp.*, 962 F.2d 108 (1st Cir. 1992) ........................................................................7

**Statutes**

FRCP 9(b) ......................................................................................................................................7

FRCP 12(b)(6) ............................................................................................................................1, 7

15 USC § 1640(e) ...........................................................................................................................3

Massachusetts General Law ch. 140D .......................................................................1, 2, 9, 10, 11

Massachusetts General Law ch. 93A .............................................................................1, 3, 11, 12

Defendant WMC Mortgage LLC ("WMC") respectfully submits this Memorandum of Law in support of its motion to dismiss Plaintiffs' First Amended Complaint against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT

This case concerns a mortgage refinancing loan (the "Loan") that WMC extended on April 25, 2005 to plaintiffs Calvin Lai Chan and Bonnie Kowk Ching Chan ("Plaintiffs"). Plaintiffs admit that they obtained the Loan by signing loan application documents falsely overstating their combined income. *See* First Amended Complaint ¶ 15. Plaintiffs nonetheless allege that they were the victims of predatory lending practices by WMC and the other defendants with respect to the Loan. Such allegations, leveled for the first time four years after the Loan closing now that Plaintiffs are facing possible foreclosure, fail to state a cause of action against WMC.

Plaintiffs filed the original Complaint in this action on or about April 23, 2009, and filed their First Amended Complaint (referred to hereinafter as the "Amended Complaint," or "Amd. Compl.") on or about July 1, 2009. The Amended Complaint asserts six claims against WMC, specifically involving: (i) Massachusetts General Law ("MGL") ch. 140D, the "Consumer Credit Cost Disclosure Act" (the "CCDA"); (ii) the federal Truth in Lending Act ("TILA"); (iii) MGL ch. 93A, the "Regulation of Business Practices for Consumers Protection"; (iv) negligence; (v) misrepresentation and fraud, and (vi) the covenant of good faith and fair dealing. For the following seven reasons, these claims fail to state a claim upon which relief may be granted against WMC, and therefore should be dismissed.

*First*, the Amended Complaint bases the above-referenced causes of action principally on alleged acts by non-party Northside Mortgage Group, LLC ("Northside"), which acted as Plaintiffs' broker with respect to the Loan.  The Amended Complaint assumes that WMC is liable for Northside's acts.  In fact, however, under Massachusetts law, a lender is not vicariously liable for a broker's acts absent specific allegations describing an agency relationship between that lender and broker.  *See In re Sullivan*, 346 B.R. 4, 26-7 (Bankr.D.Mass. 2006).  Here, the Amended Complaint fails to make any such specific allegations.  To the contrary, it attaches as Exhibit A Plaintiffs' pre-Complaint "Demand Letter" to WMC, which concedes that Northside acted not as WMC's agent, but "on behalf of the Chans" as their "mortgage broker."  WMC furthermore respectfully refers the Court to the lender-broker agreement between WMC and Northside, which notes that Northside was to act with respect to any given loan application as the "agent for the applicant."  *See* Declaration of Robert G. Manson in Support of Defendant WMC Mortgage, LLC's Motion to Dismiss the First Amended Complaint, dated August 7, 2009 ("Manson Dec."), Exh. C, pp. 1, § 2 ("Nature of the Broker/Applicant Relationship.")

*Second*, the CCDA claim should be dismissed because, whereas the disclosure requirements set forth in the CCDA mirror those of TILA (*see Rodrigues v. Members Mortgage Co., Inc.*, 323 F. Supp.2d 202, 210 (D. Mass. 2004)), the Amended Complaint fails to allege any facts constituting a TILA violation by WMC.

*Third*, the TILA claim itself is barred by the one-year statute of limitations (for damage claims) and three-year statute of limitations (for rescission claims) applicable to such claims, as Plaintiffs commenced this action almost four years after the April 25,

2005 Loan closing. 15 USC § 1640(e). The TILA claim also is barred because, as noted, the Amended Complaint alleges no actions by WMC that, if proven, would constitute a TILA violation.

*Fourth*, with respect to the MGL ch. 93A claim, insofar as that claim is based on an allegation of "falsifying loan application information" (*see* Amd. Compl. ¶ 49), it is barred by the applicable four-year statute of limitations. Specifically, Plaintiffs allegedly completed the loan application on or about April 12, 2005. *See* Amd. Compl. ¶ 15. Plaintiffs did not commence this action until on or about April 23, 2005, however, over four years after that loan application date. The MGL ch. 93A claim also fails on its merits. "A chapter 93A claim 'requires a showing of conduct that (1) falls within the penumbra of some common-law, statutory, or other established concept of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous; and (3) causes substantial injury to [consumers or other businesspersons]." *FAMM Steel, Inc. v. Sovereign Bank*, No. 08-1955, 2009 WL 1636350, at *12 (1st Cir. Jun. 12, 2009). Plaintiffs fail to allege that WMC (as opposed to Northside) committed any such acts, or caused Plaintiffs any such injury. In addition, a MGL ch. 93A claim is preempted and therefore barred where the transaction at issue is "governed, contemplated and permitted" by federal regulations. *Riccio v. Ford Motor Credit Co.*, 238 F.R.D. 44, 47 (D.Mass. 2006); *see also* MGL ch. 93A § 3. Here, the MGL ch. 93A claim is preempted because the Loan transaction was governed, contemplated and permitted by TILA.

*Fifth*, the negligence claim is barred by the three-year statute of limitations to which it is subject, because Plaintiffs commenced this action almost four years after the Loan closing. *See* MGL ch. 260 § 2A. The negligence claim also fails because Plaintiffs

do not allege that any fiduciary relationship existed between themselves and WMC, as would be required to sustain such a negligence claim, nor do Plaintiffs allege any acts by WMC (as opposed to Northside) that would be negligent even if such a fiduciary relationship existed.

*Sixth*, the fraud claim is barred by the applicable, three-year statute of limitations. *See* MGL ch. 260 § 2A.  The fraud claim also fails because the Amended Complaint does not allege any fraudulent acts by WMC (as opposed to Northside), let alone allege any such acts with particularity.

*Seventh*, the good faith and fair dealing claim is barred because the doctrine of good faith and fair dealing is intended only to ensure that parties "receive the benefits of [a] contract."  *In re Sullivan*, 346 B.R. at 22.  Here, the Amended Complaint does not allege that Plaintiffs failed to receive the benefits of the Loan pursuant to its terms.  As the parties' performance under the terms of the Loan is not at issue, the doctrine of good faith and fair dealing does not apply.

## STATEMENT OF FACTS

### I.  THE PARTIES

Plaintiffs are a husband and wife who entered into the Loan transaction on April 25, 2005, securing the Loan with their primary residence located at 31 Woburn Street, Andover, Massachusetts.  Amd. Compl. ¶¶ 1, 7.

WMC was the lender with respect to the Loan transaction.  Amd. Compl. ¶ 7. WMC sold the loan on the secondary market in July, 2005.  Amd. Compl. ¶ 20.

Defendant Wells Fargo National Association as Trustee for Bank of America ("Wells Fargo") currently owns the loan.  Amd. Compl. ¶ 20.

Defendant Saxon Mortgage Service, Inc. ("Saxon") is the current servicer for the Loan. Amd. Compl. ¶ 5.

## II.   NON-PARTY NORTHSIDE

The Amended Complaint refers to Northside in conclusory fashion as Plaintiffs' "representative" (*see* Amd. Compl. ¶ 7) and "agent" (*see* Amd. Compl. ¶ 12), but alleges no facts to support those conclusory statements as to the relationship between WMC and Northside. To the contrary, Exhibit A to the Amended Complaint (Plaintiffs' demand letter to WMC) concedes that Northside acted as "mortgage broker" "on behalf of the Chans" with respect to the Loan transaction. *See* Amd. Compl. Exh. A. *See also* Manson Dec. Exh. C. In that capacity, Northside allegedly (i) orally discussed with Plaintiffs possible terms of a loan to be offered by WMC and (ii) assisted Plaintiffs in preparing their loan application. *See* Amd. Compl. ¶¶ 12, 14-15.

## III.   THE ALLEGED FACTS

Prior to the closing of the Loan transaction, Northside made certain oral statements to Plaintiffs regarding the terms of a loan offer Northside believed WMC would extend. Amd. Compl. ¶ 12. The Amended Complaint alleges that the Loan, as consummated, failed to incorporate some of the terms that Northside allegedly referenced in those oral discussions. Amd. Compl. ¶¶ 27, 29.

After those initial discussions between Northside and Plaintiffs, Northside assisted Plaintiffs in completing a loan application to be submitted to WMC. Amd. Compl. ¶¶ 14, 27. That loan application, which Plaintiffs signed, allegedly falsely overstated Plaintiffs' combined income. Amd. Compl. ¶¶ 14-15.

5

The Loan transaction closed on April 25, 2005. Amd. Compl. ¶ 7. Plaintiffs attended the closing personally. Amd. Compl. ¶ 17. At the closing, Plaintiffs executed "numerous documents." Amd. Compl. ¶ 17. At the conclusion of the closing, Plaintiffs received executed copies of a "Federal Truth-In-Lending Disclosure Statement, Settlement Statement, Closing Instructions, Adjustable Rate Note, Mortgage and Adjustable Rate Rider," and "Notice of Right to Cancel." Amd. Compl. ¶ 18. [1] Several days after the closing, Plaintiffs received copies of additional documents they had executed at the closing, though the Amended Complaint does not identify what those documents were. Amd. Compl. ¶ 19. [2] The Amended Complaint does not specify (1) any term or provision of the Loan that WMC failed to disclose at closing; (2) any type of written disclosure document required under TILA that was not provided at closing, or (3) any Loan document requiring Plaintiffs' signature that Plaintiffs did not execute at closing.

In July 2005, WMC sold the Loan to Bank of America. Amd. Compl. ¶ 20. Plaintiffs subsequently fell into arrears on the Loan, whereupon Plaintiffs entered into a "workout" agreement with Saxon. Amd. Compl. ¶¶ 22-23. Plaintiffs thereafter fell into arrears again, however, at which point Saxon began the process of foreclosing on the Loan. Amd. Compl. ¶¶ 23, 33.

---

[1] The Amended Complaint alleges that the Notice of Right to Cancel that Plaintiffs received did not set forth the date of the Loan closing or rescission date. Amd. Compl. ¶ 18. However, as discussed below, such allegations do not constitute an actionable violation of TILA. *See Melfi v. WMC Mortgage Corp.*, 568 F.3d 309 (1st Cir. 2009). WMC moreover respectfully refers the Court to a copy of a Notice of Right to Cancel, attached as Exhibit E to the Manson Dec., which reflects that it is was signed by Plaintiffs and states the Loan transaction date and rescission date.

[2] The Amended Complaint alleges that, several days after the closing, the closing attorney re-contacted Plaintiffs and asked them to sign a "Balloon Rider" form. Amd. Compl. ¶ 19. The Amended Complaint fails to allege, however, that Plaintiffs had not been provided or had not signed a copy of that document at closing.

## IV.     PROCEDURAL HISTORY

Plaintiffs filed the original Complaint in this action in the Superior Court of the Commonwealth of Massachusetts on or about April 23, 2009.  Plaintiffs filed their First Amended Complaint in this action in that Court on or about July 1, 2009.  Defendants removed this action on July 29, 2009.

## ARGUMENT

## I.     THE MOTION TO DISMISS STANDARD

Under FRCP 12(b)(6), the Court must "accept all well-pleaded facts as true and . . . draw all reasonable inferences in favor of the [plaintiff]." *Aybar v. Crispin-Reyes*, 118 F.3d 10, 13 (1st Cir. 1997).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, No. 07-1015, 2009 WL 1361536, at *13 (U.S. May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007)).  "Plaintiff may not simply allege a 'conceivable' claim, but instead must allege facts sufficiently 'plausible on [their] face' to entitle it to relief." *Stiegele ex rel Viisage Tech., Inc. v. Bailey*, No. 05-10677-MLW, 2007 WL 4197496, at *1 (D.Mass. Aug. 23, 2007).  *See also U.S. v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992) (conclusory or speculative allegations "deserve no deference.")

Moreover, to the extent the Amended Complaint alleges fraud, Plaintiffs must meet the heightened pleading standard required under FRCP 9(b).  That standard requires Plaintiffs to specifically allege the "who, what, where, and when of the allegedly false or fraudulent representation." *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004).

7

## II. THE AMENDED COMPLAINT DOES NOT ALLEGE A BASIS FOR HOLDING WMC LIABLE FOR NORTHSIDE'S CONDUCT

The Amended Complaint proceeds with respect to WMC largely by alleging misconduct by Northside, the broker in the Loan transaction, and then assuming that WMC is vicariously liable for such conduct. Plaintiffs' assumption that WMC is vicariously liable for Northside's conduct, however, is unfounded.

Under Massachusetts law, a broker in a loan transaction is not deemed the lender's agent absent specific allegations describing an agency relationship between the two. *See In re Sullivan*, 346 B.R. at 26-7 (Bankr.D.Mass. 2006) (absent evidence of agency relationship, no agency relationship existed between lender and broker, and plaintiff's assumption that such a relationship existed had "no validity."). *See also* Memorandum and Order on Motions for Judgment on the Pleadings and to Dismiss, dated Sept. 10, 2008, pp. 4, in *Dominguez v. WMC Mortg. Corp.*, No 1:08-cv-10222-RGS, United States District Court for the District of Massachusetts (copy attached to Manson Dec. as Exh. D) ("[u]nderlying all of [plaintiff's] claims are the allegations of the mortgage broker's purported misconduct. However, there can be no liability on the part of defendants absent an agency relationship with the broker. Because [plaintiff's] real quarrel is (by her own implicit admission) with her broker, and not with the defendants, her claims necessarily fail.")

Here, the Amended Complaint offers merely conclusory allegations that Northside was WMC's "representative" (*see* Amd. Compl. ¶ 7) or "agent" (*see* Amd. Compl. ¶ 12). Such conclusory allegations are not entitled to deference for purposes of the instant motion to dismiss. *See Clark v. Leasecomm Corp.*, No. CA99-4177-E, 2000 WL 1512373, at *11 (Mass.Super. Aug. 21, 2000) ("[T]he mere conclusory assertion of

8

an agency relationship is not enough to state a claim."); *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95-6 (1st Cir. 2007) (a complaint may not survive a motion to dismiss based merely on "'a wholly conclusory statement of [a] claim.'"); *New England Cleaning Servs., Inc. v. Am. Arbitration Ass'n*, 199 F.3d 542, 545 (1st Cir. 1999) (a party "cannot preclude dismissal of its complaint" by making allegations that "are not assertions of fact, but rather involve legal issues and conclusions . . . The court is not required to accept legal conclusions as true when considering a motion to dismiss.")

In fact, Exhibit A to the Amended Complaint, Plaintiffs' demand letter to WMC, undermines those conclusory allegations, as it concedes that Northside acted as "mortgage broker" "on behalf of the Chans" with respect to the Loan transaction. *See* Amd. Compl. Exh. A. *See also* Manson Dec. Exh. C (agreement between WMC and Northside reflects that Northside was to act on behalf of loan applicants, not WMC). Thus, WMC is not liable for Northside's alleged acts, and the Amended Complaint should be dismissed to the extent the causes of action against WMC are based on such allegations against Northside.

### III. THE CCDA CLAIM (COUNT I) SHOULD BE DISMISSED

The CCDA claim should be dismissed for two reasons. *First*, the Amended Complaint does not allege facts suggesting a violation of the CCDA by WMC. The CCDA's substantive provisions mirror those of TILA. *Rodrigues*, 323 F. Supp.2d at 211; *In re Desrosiers*, 212 B.R. 716, 722 (Bankr. D. Mass. 1997). The Amended Complaint alleges that the Notice of Right to Cancel provided to Plaintiffs did not contain the date of the Loan transaction or rescission date. Amd. Compl. ¶ 18. However, the First Circuit recently held that failure to fill in such dates in a Notice of Right to Cancel did not

9

constitute an actionable violation of TILA. *Melfi*, 568 F.3d at 312-13. The First Circuit reasoned that such "technical deficiencies do not matter if the borrower receives a notice that effectively gives him notice as to the final date for rescission and has the three full days to act. Our test is whether any reasonable person, in reading the form provided . . . would so understand it." *Id*. at 312.

> [T]here is no evidence in TILA or any Board regulation that either Congress or the Board intended to render the form a nullity because of an uncompleted blank in the form or similar flaw where, as here, it could not possibly have caused [plaintiff] to think that he had months in order to rescind. The central purpose of the disclosure – the short notice period for rescission at will – was plain despite the blanks. . . . Where, as here, the Board's form was used and a reasonable borrower cannot have been misled, allowing a windfall and imposing a penalty serves no purpose . . .

*Id*. at 313. Thus, under *Melfi*, Plaintiffs' CCDA claim fails as a matter of law.

*Second*, the CCDA claim should be dismissed because, in fact, the Notice of Right to Cancel provided to and signed by Plaintiffs, a copy of which is attached as Exhibit E to the Manson Declaration, did set forth the dates of the Loan transaction and rescission deadline. *See* Manson Dec. Exh. E.

### IV. THE TILA CLAIM (COUNT II) SHOULD BE DISMISSED

The TILA claim should be dismissed because it is barred by the applicable statute of limitations. *See* 15 U.S.C. § 1640 (e) (setting forth one-year statute of limitations for damages claims under TILA and three-year statute of limitations for rescission claims under TILA). The TILA claim also fails, substantively, for the same reasons as the CCDA claim, namely (i) the Amended Complaint does not contain any allegations with respect to WMC that, even if proven, would constitute an actionable violation of TILA (*see Melfi*, 568 F.3d at 313), and (ii) the Notice of Right to Cancel in fact did set forth the

10

dates of the Loan transaction and rescission deadline (*see* Manson Dec. Exh. E). *See Rodrigues*, 323 F. Supp.2d at 211 (CCDA's provisions mirror TILA); *In re Desrosiers*, 212 B.R. at 722 (same).

## V. THE MGL CH. 93A CLAIM (COUNT III) SHOULD BE DISMISSED

The MGL ch. 93A claim should be dismissed for three reasons. *First*, the applicable, four-year statute of limitations bars this claim to the extent it is based on "falsifying loan application information" (*see* Amd. Compl. ¶ 49), as the loan application was signed on April 12, 2005 (*see* Amd. Compl. ¶ 15), over four years before Plaintiffs commenced this action.

*Second*, a MGL ch. 93A claim "'requires a showing of conduct that (1) falls within the penumbra of some common-law, statutory, or other established concept of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous; and (3) causes substantial injury to [consumers or other businesspersons]." *FAMM*, 2009 WL 1636350, at *12. As discussed herein, the Amended Complaint does not contain any allegations with respect to WMC (as opposed to Northfield) that, even if proven, would constitute a violation of any law or regulation by WMC, let alone an immoral act that caused harm to Plaintiffs. To the contrary, it is Plaintiffs who concede that they signed a loan application containing false information. Amd. Compl. ¶ 15. WMC, by contrast, merely extended a loan offer to Plaintiffs based on that loan application, and participated in the closing of the Loan transaction in a manner that complied fully with TILA. *See* Sects. III and IV, *supra*. The Amended Complaint's allegations regarding Northside's conduct prior to the Loan closing cannot rescue the MGL ch. 93A claim, as such allegations do not constitute a cause of action against WMC. *See* Sect. II, *supra*. Thus, the Amended Complaint

11

contains no basis for the MGL ch. 93A claim.  *See Shaner v. Chase Bank U.S.A., N.A.*, 570 F. Supp.2d 195, 201 (D.Mass. 2008) (MGL ch. 93A claim necessarily fails because putative TILA claim on which it is based fails); *Horvath v. Adelson, Golden & Loria, P.C.*, No. 00-P-1403, 2002 WL 1931997, at *4 (Mass.App.Ct. Aug. 21, 2002) (MGL ch. 93A claim cannot survive where underlying negligence and TILA claims fail).

*Third*, MGL ch. 93A's provisions do not apply where a transaction is "otherwise permitted under laws as administered by any regulatory board or officer acting under statutory authority of the commonwealth or of the United States."  MGL ch. 93A, § 3. Plaintiffs' MGL ch. 93A claim therefore is barred for the additional reason that the Loan transaction was subject to and compliant with TILA.  *See Riccio*, 238 F.R.D. at 47-8 (dismissing MGL ch. 93A claim on the pleadings when transaction was "governed, contemplated and permitted" by applicable federal regulations).

## VI. THE NEGLIGENCE CLAIM (COUNT IV) SHOULD BE DISMISSED

The negligence claim should be dismissed for three reasons.  *First*, it is barred by the applicable, three-year statute of limitations.  *See* MGL ch. 260 § 2A.

*Second*, an essential element of a negligence claim is a fiduciary duty on the part of the defendant to the plaintiff.  *See Murray v. Am.'s Servicing Co.*, No. 200701716, 2009 WL 323375, at *5 (Mass.Sup.Ct. Jan. 12, 2009).  However, the relationship between a lender and a borrower, without more, is not a fiduciary relationship.  *FAMM*, 2009 WL 1636350, at *7; *Muray*, 2009 WL 323375, at *5.  The Amended Complaint contains no allegations suggesting that WMC had a fiduciary relationship with Plaintiffs.

*Third*, the Amended Complaint does not allege any acts by WMC that could be deemed negligent even if WMC had a fiduciary duty toward Plaintiffs.  Rather, the

12

Amended Complaint alleges misconduct by Northside, for which WMC is not vicariously liable. *See* Sect. II, *supra*.

## VII. THE FRAUD CLAIM (COUNT V) SHOULD BE DISMISSED

The fraud claim should be dismissed for two reasons. *First*, it is barred by the applicable, three-year statute of limitations. *See* MGL ch. 260 § 2A.

*Second*, a cause of action for fraud requires allegations that "(1) defendant made a false representation with knowledge of its falsity for the purpose of inducing plaintiffs to act thereon; (2) that plaintiffs relied upon the representation as true and acted upon it to their detriment; and (3) that plaintiffs' reliance was reasonable under the circumstances." *FAMM*, 2009 WL 1636350, at *10. The Amended Complaint fails to allege that WMC (as opposed to Northside) made any such fraudulent statement to Plaintiffs, however. *Alternative Sys. Concepts, Inc.*, 374 F.3d at 29 (fraud claim must allege the "who, what, where, and when of the allegedly false or fraudulent representation.") The Amended Complaint alleges that it was Northside, not WMC, that allegedly (i) made oral representations regarding the terms of a loan to be offered by WMC that ultimately were not fulfilled, and (ii) assisted Plaintiffs in preparing a fraudulent loan application (s*ee* Amd. Compl. ¶¶ 12, 14-15).

## VIII. THE GOOD FAITH AND FAIR DEALING CLAIM (COUNT VI) SHOULD BE DISMISSED

Under Massachusetts law, "[t]he implied covenant of good faith and fair dealing requires that neither party do anything that will have the effect of destroying or injuring the right of the other party to receive the benefits of the contract. . . ." *In re Sullivan*, 346 B.R. at 22. However:

> The implied covenant of good faith and fair dealing may not be 'invoked to create rights and duties not otherwise provided for in the existing contractual relationship, as the purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance.' . . . The purpose of the covenant is to see that the objectives of the contract be realized.

*Id*. (holding that doctrine of good faith and fair dealing does not require mortgage lender to advise borrower that income may be overstated or that borrower may not be able to afford payments under proposed loan).

Here, the claim for violation of the covenant of good faith and fair dealing fails to state a cause of action because this is not a case where the interpretation of a contract, or the performance of its terms, is at issue. Plaintiffs make no allegation that WMC violated any terms of the Loan under any interpretation thereof. Though Plaintiffs may now wish the terms of the Loan were different than the terms as written, Plaintiffs may not invoke the covenant of good faith and fair dealing to change the written terms of a contract. *In re Sullivan*, 346 B.R. at 22.

**CONCLUSION**

For the reasons stated above, WMC respectfully requests that the Court dismiss with prejudice in their entirety the claims asserted against it in the Amended Complaint.

Dated: Marlborough, MA
August 7, 2009

By:  **/s/ Robert G. Manson**
Robert G. Manson
LAW OFFICE OF ROBERT G. MANSON
398 Brigham Street
Marlborough, MA 01752
(508) 274-8360

-and-

David A. Scheffel (*to appear pro hac vice*)
Eric B. Epstein (*to appear pro hac vice*)
Dorsey & Whitney LLP
250 Park Avenue
New York, NY 10177

*Attorneys for Defendant WMC Mortgage LLC*